

Entered on Docket
May 19, 2011

_____
**Hon. Mike K. Nakagawa**
**United States Bankruptcy Judge**
_____

TIFFANY & BOSCO, P.A
Gregory L. Wilde, Esq.
Nevada Bar No. 004417
212 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone: 702 258-8200
Fax: 702 258-8787
glw@tblaw.com

U.S. Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, 2006-EQ1

09-73916

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | BK-S-09-30236-mkn |
| Van Huynh | MS Motion No. 50<br>Date: April 27, 2011<br>Time: 2:30 PM |
| | Chapter 13 |
| Debtor. | |

### ORDER REINSTATING AUTOMATIC STAY AND FOR
### ADEQUATE PROTECTION AS TO SECURED CREDITOR, US BANK NA

Secured Creditor's Motion for Relief from the Automatic Stay having come on for hearing in the above-entitled Court, all appearances as noted on court record, and based upon all the papers and pleadings on file herein and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the Automatic Stay as to Secured Creditor is reinstated.

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the debtor will cure the post-petition arrearages currently due as follows:

| | |
|---|---|
| 7 Monthly Payments(s) at $1,184.67 (October 1, 2010 - April 1, 2011) | $8,292.69 |
| 7 Late Charge(s) at $54.06 (October 1, 2010 - April 1, 2011) | $378.42 |
| Property Inspections | $15.00 |
| Motion for Relief Filing Fee | $150.00 |
| Attorneys Fees | $550.00 |
| Total | $9,386.11 |

The total arrearage shall be paid in six monthly installments. Payments one through five (1-5) in the amount of $1564.36 and shall be in addition to the regular monthly payment and shall be due on or before the 20th day of the month commencing with the May 20, 2011 payment and continuing throughout and concluding on or before September 20, 2011. The sixth final payment in the amount of $1564.31 shall be paid on or before October 20, 2011.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Debtor shall resume and maintain the regular monthly payments in a timely fashion, outside of any Bankruptcy Plan, beginning with the May 1, 2011, payment, on Secured Creditor's Trust obligation, encumbering the subject Property, generally described as 5855 Valley Drive #2002, North Las Vegas, NV 89031, and legally described as follows:

Parcel I:
Unit Five (5) in Building One (1) of Jasmine Unit 1, a condominium subdivision filed pursuant to the provisions of N.R.S. 116 recorded in Book 104 of Plats, Page 79, in the official records of the county recorder, Clark County, Nevada, and as defined in that certain declaration of restrictions (enabling declaration establishing a plan for condominium ownership of Jasmine Unit 1) recorded September 24, 2002 in Book 20020924 of official records, Clark County, Nevada, as Document No. 01923.

Parcel II:
An undivided 1/8th interest in and to the common element as shown upon the plat of Jasmine Unit 1, a condominium subdivision filed pursuant to the provisions of N.R.S. 116 recorded in Book 104 of Plats, Page 79, in the official records of the county recorder, Clark County, Nevada, and as defined in that certain declaration of restrictions (enabling declaration establishing a plan for condominium ownership of Jasmine Unit 1) recorded September 24, 2002 in Book 20020924 of official records, Clark County, Nevada, as Document No. 01923.

Parcel III:
An exclusive use easement over that portion of the common element shown as appurtenant decks, balconies, patios, garages, entry areas and stairs which areas shall be referred to as limited common elements as shown upon the plat of Jasmine Unit 1 a condominium subdivision filed pursuant to the provisions of N.R.S 116 recorded in Book 104 of Plats, Page 79, in the official records of the county recorder, Clark County, Nevada, and as defined in that certain declaration of restrictions (enabling declaration establishing a plan for condominium ownership of Jasmine Unit 1) recorded September 24, 2002 in Book 20020924 of official records, Clark County, Nevada, as Document No. 01923.

Parcel IV:
A non-exclusive easement for ingress and egress, public utilities and private streets over the common element of the condominium project as shown upon the plat of Jasmine Unit 1 a condominium subdivision med pursuant to the provisions of N.R.S 116 recorded in Book 104 of Plats, Page 79, in the official records of the county recorder, Clark County, Nevada, and as defined in that certain declaration of restrictions (enabling declaration establishing a plan for condominium ownership of Jasmine Unit 1) recorded September 24, 2002 in Book 20020924 of official records, Clark County, Nevada, as Document No. 01923.

Parcel V:
Reserving therefrom an easement for ingress, egress, use and enjoyment in and to the common element and private streets, excepting therefrom those areas designated as limited common elements for the benefit of future phases of Jasmine Unit 1 a condominium subdivision filed pursuant to the provisions of N.R.S 116 recorded in Book 104 of Plats, Page 79, in the official records of the county recorder, Clark County, Nevada, and as defined in that certain declaration of restrictions (enabling declaration establishing a plan for condominium ownership of Jasmine Unit 1) recorded September 24, 2002 in Book 20020924 of official records, Clark County, Nevada, as Document No. 01923.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that if the Debtor fails to make any payments as stated in this Order, or fail to maintain the regular monthly payments on Secured Creditor's obligation, allowing the normal grace period, then Secured Creditor may file and serve upon Debtors and Debtors' counsel, a fifteen (15) Day Notice Declaration Re Breach of Condition. For each such Declaration Re Breach of Condition filed, there shall be assessed an attorney fees of $100.00, to be paid by the Debtors upon any reinstatement.

///

///

///

///

///

///

///

If upon the sixteenth (16th) day Debtors have failed to cure the delinquency, then Secured Creditor may submit to this Court an Order vacating the automatic stay as to Secured Creditor, and Secured Creditor may thereafter proceed with enforcing its Security interest in the subject Property, pursuant to applicable State Law, and take any action necessary to obtain complete possession thereof.

Submitted by:

TIFFANY & BOSCO, P.A

By_____ #10235
    **GREGORY L. WILDE, ESQ.**
    Attorneys for Secured Creditor
    212 South Jones Boulevard
    Las Vegas, Nevada 89107

APPROVED AS TO FORM & CONTENT:

| Rick A. Yarnall | Randolph Goldberg |
|---|---|
| By_____ | By  /s/ Randolph Goldberg |
| Rick A. Yarnall | Randolph Goldberg |
| Chapter 13 Trustee | Attorney for Debtors |
| 701 Bridger Avenue #820 | 4000 S. Eastern Ave. #200 |
| Las Vegas, NV 89101 | Las Vegas, NV 89119 |
|  | Nevada Bar No._____ |

ALTERNATIVE METHOD re: RULE 9021:

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

____ The court has waived the requirements set forth in LR 9021(b)(1).

____ No party appeared at the hearing or filed an objection to the motion.

__X__ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any trustee appointed in this case any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below.

Debtor's counsel:

__X__ approved the form of this order        ____ disapproved the form of this order

____ waived the right to review the order and/or    ____ failed to respond to the document

____ appeared at the hearing, waived the right to review the order

____ matter unopposed, did not appear at the hearing, waived the right to review the order

Trustee:

____ approved the form of this order        ____ disapproved the form of this order

__X__ waived the right to review the order and/or    ____ failed to respond to the document

____ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

I declare under penalty and perjury that the foregoing is true and correct.

Submitted by:
/s/ Gregory L. Wilde, Esq.
Gregory L. Wilde, Esq.
Attorney for Secured Creditor